IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Civil Action No. 14-cv-3324-WJM-KMT

ISMAEL MENDOZA,

      Plaintiff,

v.

ANDREW L. CISNEROS,
AM BUILDERS & CONTRACTORS SUPPLY CO INC.,
FOWLER & PETH INC.,
CITY OF GREELEY,
STATE OF COLORADO, and
UNITED STATES OF AMERICA,

      Defendants.

---

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

---

On December 8, 2014, Defendant United States of America ("the Government") removed the instant action from the District Court for Weld County, Colorado. (ECF No. 1.) Plaintiff sues to quiet title to a piece of property located in Colorado, as described further below. (ECF No. 3.) Before the Court is the Government's Motion for Default Judgment Against Counter Defendants Andrew L. Cisneros, American Builders & Contractors Supply Co., Inc., and the State of Colorado ("Motion"). (ECF No. 52.) For the reasons set forth below, the Motion is granted.

## I. BACKGROUND

Plaintiff alleges that he is the owner of Lots 32 and 33, 1524 Third Avenue, Greeley, CO 80631 ("the Property"). (ECF No. 3.) Plaintiff was issued a Treasurer's Deed to the Property that was recorded on February 11, 2014, and subsequently brought

this action seeking a judicial declaration that the Defendants have "no interest, estate or claim of any kind" in the Property.  (*Id*. at 2.)  The Government filed an Answer and Counterclaim against Plaintiff.  (ECF No. 24.)  The Government also filed a cross claim against Defendants Andrew L. Cisneros, American Builders & Contractors Supply Co. Inc. ("American Builders"), and the State of Colorado (collectively "Defendants").  (*Id*.)

In its claims against Plaintiff and Defendants, the Government seeks a determination that certain federal tax liens on the Property were not extinguished by the issuance of the Treasurer's Deed to Plaintiff, and that the Government is entitled to foreclose on the Property to enforce the liens.  (*Id*. at 10-14.)  While Plaintiff filed an Answer to the Government's counterclaims, Defendants did not.  (ECF No. 38.)  On March 30, 2015, the Clerk entered default against Defendants, and the Government filed the instant Motion for Default Judgment on April 7, 2015.  (ECF Nos. 51, 52.)  The Government filed supplemental briefing on the issue of personal jurisdiction on September 21, 2015.  (ECF No. 64.)

## II.  LEGAL STANDARD

Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendants and subject matter jurisdiction over the action.  *See Williams v. Life Sav. & Loan*, 802 F. 2d 1200, 1202-03 (10th Cir. 1986).  Next, the Court should consider whether the well-pleaded allegations of fact support a judgment on the claims against the defaulting defendants.  *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it

remains for the court to consider whether the unchallenged facts constitute a legitimate

basis for the entry of a judgment.") (citations omitted).  "In determining whether a claim

for relief has been established, the well-pleaded facts of the complaint are deemed

true."  *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d

1319, 1323 (7th Cir. 1983)).

## A.    The Court's Jurisdiction

The Court must first determine whether it has subject matter jurisdiction over the

action, and personal jurisdiction over the Defendants.

The Court first discusses whether it has proper *in rem* jurisdiction.  The basis of

*in rem* jurisdiction "is the presence of the subject property within the territorial

jurisdiction of the forum State."  *Hanson v. Denckla*, 357 U.S. 235, 246 (1958).  The test

for applying *in rem* jurisdiction is the same test of minimum contacts that governs

personal jurisdiction.  *Shaffer v. Heitner*, 433 U.S. 186, 207 (1977).  The Court must

thus determine whether an exercise of jurisdiction is appropriate under the standard

elucidated in *International Shoe v. Washington*, 326 U.S. 310 (1945): specifically, there

must be "minimum contacts" with the forum such that the maintenance of the suit does

not offend "traditional notions of fair play and substantial justice*."  See id.*

The presence of property in the state may inform whether jurisdiction exists by

providing contacts among the forum state, the defendants, and the litigation.  *Id*.

Indeed, "when claims to the property itself are the source of the underlying controversy

between the plaintiff and the defendant, it would be unusual for the State where the

property is located not to have jurisdiction."  *Id*.  The defendant's claim to property

3

within the state would usually suggest that he expected to benefit from the state's protection of his interests. *Id*. at 207-08. "The State's strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property would also support jurisdiction, as would the likelihood that important records and witnesses will be found in the State." *Id*. at 208.

*In rem* jurisdiction is present here. The Property is located in Colorado, and claims to the Property are the source of the underlying controversy in Plaintiff's action to quiet title and the Government's foreclosure claim. Plaintiff's and the Government's claims against Defendants also arise out of Defendants' potential interests in the Property. Colorado has a strong interest in resolving disputed claims to property within its borders and ensuring the marketability of such property. Moreover, this case, in part, involves the application of Colorado law, and witnesses and important records relating to the Property will no doubt be found in Colorado. (*See* ECF Nos. 53, 58, 62 (referencing documents from the Weld County, Colorado Treasurer's Office).) The Court accordingly finds that it has proper *in rem* jurisdiction.

Second, jurisdiction is further appropriate under 28 U.S.C. § 1442(a)(1) because this action was timely removed, and is against the United States relating to its "collection of . . . revenue." *See O'Callaghan v. United States*, 686 F. Supp. 2d 826, 827-29 (N.D. Ill. 2010) (finding 28 U.S.C. § 1442 the appropriate removal statute for quiet title action against United States which attempted to enforce tax levy on a trust involving the property at issue).

Finally, the Court addresses its personal jurisdiction over Defendants.  Although 26 U.S.C. § 7403(b) requires the Government to join in this suit "[a]ll persons having liens upon or claiming any interest in the property involved," it does not necessarily follow that the Court has personal jurisdiction over the joined parties.  However, on a Motion for Default Judgment, the Government need only make a *prima facie* showing of personal jurisdiction.  *Metro. Life Ins. Co. v. Johnson*, 2015 WL 1945398, at *3 (D. Colo. Apr. 29, 2015) (citing *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997)).  The Court finds that it has personal jurisdiction over the State of Colorado and proceeds to its jurisdictional analysis as to Mr. Cisneros and American Builders.

Colorado's long-arm statute confers the maximum jurisdiction permissible consistent with the Due Process Clause.  *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo.2005).  Thus, the Court need only address the constitutional question of whether the exercise of personal jurisdiction over Defendants comports with due process.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1063, 1070 (10th Cir. 2008) (noting that the inquiry into whether any statute authorizes service of process "effectively collapses into the second, constitutional, analysis" in Colorado).  Here, the Government argues the Court has specific personal jurisdiction over Mr. Cisneros and American Builders.  (ECF No. 64 at 10-11.)  The due process analysis for specific personal jurisdiction considers whether the party has "minimum contacts" with the forum state demonstrating that he "purposefully availed" himself of the protections or benefits of the state's laws and should "reasonably anticipate being haled into court there."

5

*Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).  Jurisdiction is thus appropriate "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  If the defendant has sufficient minimum contacts with the forum state, the Court next asks whether the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

In this case, the Government alleges that Mr. Cisneros owned the Property, which is located in Colorado, and recorded an interest in the Property with the Clerk and Recorder of Weld County.  (ECF Nos. 44 at 8, 53-1, 53-2.)  In doing so, Mr. Cisneros purposefully availed himself of the protections and benefits of Colorado's laws and should reasonably anticipate being subjected to a lawsuit in Colorado over claims to the Property he once owned, and in which he may still claim an interest.  Mr. Cisneros thus purposefully directed his activities at Colorado and this litigation results directly from those activities, specifically his failure to pay federal tax assessments that were made while he owned the Property.  (ECF No. 24 at 9.)

The Court is also persuaded that an exercise of jurisdiction over Mr. Cisneros would not offend traditional notions of fair play and substantial justice.  The interests of the State of Colorado, the parties, and the interstate judicial system would all be served by litigating this case in Colorado where the Property is located.  The Colorado forum would also provide the parties with the most convenient and effective relief because most, if not all, of the relevant documents and witnesses are likely located in Colorado.

6

Furthermore, any burden to Mr. Cisneros would be minimal even though Mr. Cisneros apparently no longer lives in Colorado.  (ECF No. 46); *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1212-13 (10th Cir. 2000) ("We emphasize that it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern.  Certainly, [i]n this age of instant communication and modern transportation, the burdens of litigating in a distant forum have lessened.").  Mr. Cisneros has established substantial connections with Colorado with regard to the Property and the federal tax liens attached to it.  The Court thus finds that it has personal jurisdiction over Mr. Cisneros.

The Government further alleges that the Court has specific personal jurisdiction over American Builders because it chose to transact business within the state, and the claims against it by the Government arise out of those acts.  (ECF No. 64 at 11.)  Specifically, American Builders may claim an interest in the Property because it obtained a judgment against Mr. Cisneros in the District Court for Denver County, Colorado.  (ECF Nos. 64-2, 64-3.)  American Builders thereafter recorded the judgment with the Weld County Clerk & Recorder.  (*Id*.)  American Builders therefore purposefully availed itself of the protections and benefits of Colorado's laws, and should reasonably anticipate being involved in a lawsuit in Colorado over claims to Mr. Cisneros's current or former assets, including the Property, in which American Builders may claim an interest.  This action further relates to American Builders' activities in Colorado because its recorded judgment could bear on any claims to property to which the judgment may have attached.  Finally, for many of the same reasons mentioned above, the Court is persuaded that an exercise of jurisdiction over American Builders would comport with

7

notions of fair play and substantial justice.  The Court thus finds that it has personal jurisdiction over American Builders.

**B.    The Government's Claims**

In its October 1, 2015 Order, the Court found that the Government was entitled to summary judgment on its claims against Plaintiff.  (ECF No. 68.)  The Court incorporates those factual and legal conclusions herein, which it need not reiterate.  For the reasons set forth in its Order Granting Plaintiff's Motion for Summary Judgment, the Court finds that the Government has established that it is entitled to foreclose on its federal tax liens on the Property.  (*Id*.)  Judgment will therefore enter in favor of the Government and against Defendants.

The Court further finds that a sale of the Property is appropriate under 26 U.S.C. § 7403(c).  The Court discussed the propriety of a sale in its prior Order and noted its limited discretion in such circumstances.  (ECF No. 68 at 13-14); *see also United States v. Rodgers*, 461 U.S. 677, 709-11 (1983).  The Court previously ordered supplemental briefing on whether it should decree a sale out of an abundance of caution for the interests of any possible third parties and the lack of briefing on the issue.  (ECF No. 65.)  Neither the Government's nor Plaintiff's supplemental briefing establishes that the Court should refrain from exercising its discretion under 26 U.S.C.  § 7403(c), and the Court has now adjudicated the rights to all those joined in this action that could claim an interest in the Property.[1]  The Court accordingly finds that the Property should be sold pursuant to 26 U.S.C. § 7403(c).

---

[1]  The Court further notes that Defendant City of Greeley and Defendant Fowler & Peth, Inc. have both disclaimed any interest in the Property.  (ECF No. 1-1 at 9-12.)

## III.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1) The Government's Motion for Default Judgment (ECF No. 52) is GRANTED against Andrew L. Cisneros, American Builders & Contractors Supply Co., Inc., and the State of Colorado;

2) Pursuant to 26 U.S.C. § 7403, the Property shall be sold to satisfy the Government's federal tax liens; and

3) The Government shall submit an Order of Sale for Court approval no later than October 16, 2015.

Dated this 1st day of October, 2015.

BY THE COURT:

William J. Martinez
United States District Judge

9