**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-3324-WJM-KMT

ISMAEL MENDOZA,

    Plaintiff,

v.

ANDREW L. CISNEROS,
AM BUILDERS & CONTRACTORS SUPPLY CO INC.,
FOWLER & PETH INC.,
CITY OF GREELEY,
STATE OF COLORADO, and
UNITED STATES OF AMERICA,

    Defendants.

---

**AMENDED ORDER OF FORECLOSURE AND DECREE OF SALE**

---

This matter is before the Court on Plaintiff Ismael Mendoza's and Defendant United States of America's Joint Motion to Modify Order of Sale ("Motion"). (ECF No. 81.) On October 14, 2015, the Court issued an Order of Sale for the subject property. (ECF No. 78.) In its Order, the Court sustained Plaintiff's objection to a clause in the Government's Proposed Order of Sale that required him to obtain a fire and casualty insurance policy that covered the subject property. (*Id*. at 2.) The Government's Proposed Order of Sale was adopted in all other respects. (*Id*.)

Plaintiff and the United States have, however, reached a settlement agreement, and now move to amend the terms of the Order of Sale. (ECF No. 81.) The Proposed Amended Order of Sale (attached to the Motion as an exhibit) requires Plaintiff to obtain

a liability insurance policy on the subject property, and allows Plaintiff to receive $6,500 of the sale proceeds after payment of the costs of sale. (ECF No. 81-1.)

The Court finds that good cause exists to amend the current Order of Sale. (ECF No. 78.) The Court accordingly ORDERS that the parties' Joint Motion to Modify Order of Sale (ECF No. 81) is GRANTED, and the Proposed Amended Order of Sale (ECF No. 81-1) is ADOPTED as submitted.

Thus, Judgments against the parties having been approved and entered by the Court, pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403, the Court hereby further ORDERS as follows:

1. The parcel of real property sought to be foreclosed (the "Subject Property") has a street address of 1524 Third Avenue, Greeley, CO 80631 and is legally described as follows:

> Lots 32 AND 33, in Block 170, Sanborn's Subdivision, to the City of Greeley, County of Weld, State of Colorado.

2. On October 1, 2015, the Court granted in part the United States' Motion for Summary Judgment against Plaintiff Ismael Mendoza. (ECF No. 68.) The Court held that federal tax liens arose on the Subject Property under 26 U.S.C. §§ 6321 and 6322 due to the unpaid federal tax assessments of Andrew L. Cisneros and remain attached to the Subject Property, as now held by Ismael Mendoza, pursuant to 26 U.S.C. § 7425. The Court further held that the United States is entitled to foreclose on its liens and receive first priority in the distribution of any future sale proceeds. The Court concluded that Ismael Mendoza's quiet title claim against the United States necessarily fails because the United States holds a valid interest in the Subject

Property. Lastly, the Court stated that it would determine, in conjunction with its ruling on the United States' Motion for Default Judgment, whether a sale of the Subject Property was appropriate.

3.      On October 1, 2015, the Court granted the United States' Motion for Default Judgment Against Counter Defendants Andrew L. Cisneros, American Builders & Contractors Supply Co., Inc., and the State of Colorado. (ECF No. 69.) In so doing, the Court found that sale of the Subject Property is appropriate and ordered that the Subject Property be sold under 26 U.S.C. § 7403 to satisfy the United States' federal tax liens.

4.      The Court entered default judgment on October 1, 2015 pursuant to its Order Granting Motion for Default Judgment (ECF No. 69) and requested that the United States submit an order of sale for Court approval. (ECF No. 72.)

5.      26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject Property in order to apply the proceeds towards the tax liabilities of Andrew L. Cisneros.

6.      The United States' federal tax liens on the Subject Property are hereby foreclosed. The United States Marshal for the District of Colorado ("Marshal"), his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property, free and clear of the right, title, and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a

PALS to carry out the sale under this Order of Foreclosure and Decree of Sale and shall make the arrangements for any sale as set forth in this Order.

7.　　The Marshal, his/her representative, or a PALS is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Subject Property is delivered to the ultimate purchaser.

8.　　The terms and conditions of the sale shall be:

a.　　Except as otherwise stated herein, the sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests.

b.　　The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the premises, and easements and restrictions of record, if any.

c.　　The sale shall be held at the courthouse of the county or city in which the Subject Property is located, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

d.　　Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Weld County, Colorado, and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice deemed appropriate. State law notice requirements for foreclosures or execution sales do not apply to this sale under federal law. The notice shall contain a description of the Subject Property and shall

contain the material terms and conditions of sale in this Order of Foreclosure and Decree of Sale.

  e.  The minimum bid will be set by the Internal Revenue Service for the Subject Property. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder.

  f.  The successful bidder for the Subject Property shall be required to deposit at the time of the same with the Marshal, his/her representative, or a PALS a minimum of ten percent (10%) of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the District of Colorado. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

  g.  The balance of the purchase price for the Subject Property is to be paid to the Marshal, his/her representative, or a PALS (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Colorado. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of Andrew L. Cisneros at issue herein. The Subject Property shall be again offered for

sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder. The United States may bid as a credit, without tender of cash, up to the amount of the outstanding federal tax liabilities of Andrew L. Cisneros at issue herein, or $101,116.88 as of May 11, 2015 plus interest and other statutory additions accruing thereafter pursuant to 26 U.S.C. §§ 6601, 6621, and 6622. (ECF Nos. 53 at 5, 53-2 at 3–4.)

      h.     The sale of the Subject Property shall be subject to confirmation by this Court. The Marshal or PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale, within thirty (30) days from the date of receipt of the balance of the purchase price.

      i.     Upon confirmation of the sale, the Marshal or PALS shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser.

      j.     Upon confirmation of the sale, all interests in, liens against, or claims to, the Subject Property that are held or asserted by all parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. Redemption rights under state law shall not apply to this sale under federal law.

      k.     Upon confirmation of the sale, the purchaser shall have the Weld County Clerk and Recorder record the transfer of the Subject Property upon that county's register of title.

      9.     Until the Subject Property is sold, Ismael Mendoza shall take reasonable steps to preserve the Subject Property (including all buildings, improvements, fixtures,

and appurtenances) in its current condition, and shall maintain a liability insurance policy on the Subject Property.  He shall neither commit waste against the Subject Property nor cause nor permit anyone else to do so.  He shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so.  He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall he cause or permit anyone else to do so.  Violation of this paragraph shall be deemed a contempt of court and punishable as such.

   10. All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Property).  If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Subject Property is being conducted by a PALS.  Specifically, the Marshal is authorized and directed to take all actions necessary to enter the Subject Property at any time of the day or night and evict and eject all unauthorized persons located there, including Ismael Mendoza, and any occupants.  To accomplish this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the Subject Property and any and all structures and vehicles located thereon, and to use force as necessary.

When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Subject Property, he/she shall relinquish possession and custody of the Subject Property to the Internal Revenue Service, or its designee. No person shall be permitted to return to the Subject Property and/or remain thereon without the express written authorization of the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Subject Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

11. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

12. The Marshal, his/her representative, or a PALS shall deposit the amount paid by the purchaser into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following partial order of preference until these expenses and liens are satisfied:

    a. First to the Internal Revenue Service, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an

Case 1:14-cv-03324-WJM-KMT   Document 82   Filed 10/22/15   USDC Colorado   Page 9 of 9

amount sufficient to cover the costs of any steps taken to secure or maintain the Subject Property pending sale and confirmation by the Court;

    b.    Second, to Ismael Mendoza in the amount of $6,500.00; and

    c.    Third, to the United States in the amount of any and all remaining proceeds, to be applied toward the federal tax liabilities of Andrew L. Cisneros for the years 2000, 2003, and 2005-2008.

Dated this 22nd day of October, 2015.

BY THE COURT:

William J. Martinez
United States District Judge